[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #139
FACTS
In the underlying action, the plaintiff, Jonathan Maslansky, alleges,inter alia, that the defendant, First Assembly of God, was negligent in maintaining and controlling its property causing the plaintiff, a serviceman acting within the scope of his duties for his employer, HB Communications, to be injured while repairing an overhead projector located in a crawlspace on the defendant's premises. On December 26, 2001, the court, Radcliffe, J., granted HB Communications' motion to file an intervening complaint. In the intervening complaint filed on January 31, 2002, HB Communications, as the intervening plaintiff, seeks to recover from the defendant the amount it has paid or may become obligated to pay the plaintiff under the Connecticut Workers' Compensation Act.[1]
The defendant then filed the operative two-count counterclaim against the intervening plaintiff on July 3, 2002, seeking indemnification. Count one alleges indemnification based on the intervening plaintiff's active or primary negligence. Count two alleges indemnification based on a breach of contract.
On September 12, 2002, the intervening plaintiff filed a motion to strike the defendant's amended counterclaim, accompanied by a memorandum in support. On September 23, 2002, the defendant filed an objection and a memorandum in opposition to the motion to strike. The intervening plaintiff filed a reply on October 15, 2002 and on October 24, 2002, the defendant filed a response to the intervening plaintiff's reply.
 DISCUSSION
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim."Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985). "It is fundamental that in determining the sufficiency of a [pleading] challenged by a . . . motion to strike, all CT Page 2792 well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The intervening plaintiff moves to strike count one of the defendant's amended counterclaim on two grounds: (1) the defendant's allegations that the intervening plaintiff inadequately trained, supervised and warned the plaintiff are allegations of conduct that is passive rather than active as a matter of law, and (2) the defendant has not adequately alleged that the intervening plaintiff was in exclusive control of the crawlspace where the plaintiff was injured.
In opposition to the first ground, the defendant argues that when an employer directly causes injury to its employee, as opposed to when the employee causes an injury to a third party, then an allegation of negligence against the employer in relation to the injured employee is active and not passive. With regard to the second ground, the defendant argues that pertinent case law states that in order to seek indemnification, it was required to allege that the intervening plaintiff was in control of the situation to the exclusion of the defendant and that the intervening plaintiff had exclusive physical control of the crawlspace where the plaintiff was injured. In the alternative, the defendant argues that the issue of which party had exclusive control cannot be decided in the context of a motion to strike because it is a question of fact.
"In an action for indemnity . . . one tortfeasor seeks to impose total liability upon another . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest . . ." (Internal quotation marks omitted.) Skuzinski v. BouchardFuels, Inc., 240 Conn. 694, 697-98 n. 3, 694 A.2d 788 (1997). Thus, in order to maintain a common law action for indemnity in the context of a tort action, the defendants must allege "(1) that the [intervening plaintiff] was negligent; (2) that [the intervening plaintiff's negligence] rather than [the defendant's], was the direct, immediate cause of the accident and injuries; (3) that [the intervening plaintiff] was in control of the situation to the exclusion of [the defendant]; and (4) that [the defendant] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the [intervening plaintiff] not to be negligent." (Internal quotation marks omitted.) Id., 698. CT Page 2793
As to the second element, because "indemnity shifts the impact ofliability from passive joint tortfeasors to active ones"; Crotta v. HomeDepot, Inc., 249 Conn. 634, 642, 732 A.2d 767 (1999); courts are required to distinguish "between active or primary negligence and passive or secondary negligence." (Internal quotation marks omitted.) Id.
Consequently, "if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought." (Internal quotation marks omitted.) Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
In this case, although the defendant alleges that the intervening plaintiff was actively negligent, the specific facts it alleges in support of this conclusion all involve passive and secondary negligence, i.e., that the intervening plaintiff failed to train, instruct, supervise and adequately warn the plaintiff. See Burkert, supra, 216 Conn. 76-77; see also McKee v. Minor, Superior Court, judicial district of Tolland, Docket No. CV 94 54970 (April 25, 1995, Rittenband, J.) (14 Conn.L.Rptr. 194). Therefore, that the intervening plaintiff's motion to strike count one on the grounds that the defendant alleges merely passive and secondary negligence on the part of the intervening plaintiff should be granted.
The intervening plaintiff also moves to strike count one on the ground that the defendant has not adequately alleged the third element, i.e., that the intervening plaintiff was in exclusive control of the crawlspace where the plaintiff was injured. "There is no dispute that, to maintain a common law action for indemnity, not based on statute or express contract, the facts alleged in [the defendant's counterclaim] must establish that the third party defendants were `in control of the situation to the exclusion of [the defendant].'" Skuzinski v. BouchardFuels, Inc., supra, 240 Conn. 703. The court has explained that exclusive control over the situation means "exclusive control over the dangerous condition that gives rise to the accident." Id., 706. Moreover, the general rule is that "the question of exclusive control should not be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact . . . Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." Id., 704-05.
In count one the defendant merely alleges that the intervening plaintiff "controlled the situation to the exclusion of [the defendant]." The defendant does not, however, allege any facts that support this CT Page 2794 conclusory statement. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). Accordingly, the motion to strike count one is granted.
The intervening plaintiff moves to strike count two, the defendant's claim for indemnification premised on breach of contract, on the ground that the defendant fails to allege that the intervening plaintiff had an independent legal relationship with the defendant as required by Ferrymanv. Groton, 212 Conn. 138, 561 A.2d 432 (1989), and thus fails to overcome the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284.[2] The intervening plaintiff further argues that Superior Court case law holds that an independent legal duty cannot be based on an employer's duty to properly train and instruct its employees to use due care.
In opposition, the defendant rejects the intervening plaintiff's interpretation of Ferryman v. Groton and argues that an allegation that the contractor failed to perform his work with due care is sufficient to establish an independent legal duty. The defendant further argues that its contention that the intervening plaintiff had an independent legal duty is not based on the intervening plaintiff's failure to properly train and supervise the plaintiff, but rather, on the party's contractual relationship regarding the repair of the projector.
When, as in the present case, "the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer [indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause [of the Workers' Compensation Act, § 31-284]. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as . . . a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a primary wrongdoer impliedly promises to indemnify a secondary wrongdoer, the great majority of jurisdictions disallow this claim." (Internal quotation marks omitted.)Ferryman v. Groton, supra, 212 Conn. 144-45. Accordingly, "indemnity claims against employers as joint tortfeasors warrant the special CT Page 2795 additional limitation of an independent legal relationship." Skuzinskiv. Bouchard Fuels, Inc., supra, 240 Conn. 699; see also Donar v. KingAssociates, Inc., 67 Conn. App. 346, 350, 786 A.2d 1256 (2001). The duty must be an independent one, "not simply an active/passive negligence relationship," which is inadequate to support a claim for indemnification in this context. Ferryman v. Groton, supra, 212 Conn. 144. "Although establishing an implied promise to indemnify or an independent duty . . . may overcome the workers' compensation exclusivity bar, courts have construed this exception very narrowly." (Internal quotation marks omitted.) Daniels v. Felner Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 00 0378370 (May 13, 2002, Sheedy, J.).
Connecticut Superior Court case law is divergent concerning what a party has to allege in order to sufficiently plead an independent legal duty that will overcome the exclusivity of the Workers' Compensation Act. One line of cases, that the intervening plaintiff relies on, is based in products liability law and holds that a manufacturer does not impliedly agree to indemnify an employer-buyer for injuries sustained by the buyer's employees nor can an independent legal duty be based on it.[3] A second line of cases holds that a complaint must allege an independent legal duty distinct from an independent legal relationship in order to overcome the exclusivity of the Workers' Compensation Act.[4]
A final line of cases, relied on by the defendant, strictly follows the language of Ferryman v. Groton, and holds that the specific allegation that a party breached its duty under a contract to perform work with due care is sufficient to establish an independent legal relationship and a claim for indemnification.[5] In these cases, the court places special emphasis on the exact language that the contractor failed to perform their work with due care. These cases are factually similar to the present case in that they concern counterclaims for indemnification brought by a property owner against an employer for injuries to one of the employer's workers sustained while performing work on the owner's property.
In the present case, the defendant alleges that the defendant and the intervening plaintiff entered into a contract whereby the intervening plaintiff agreed to "perform its work with due care and in a reasonably safe and workmanlike manner." (¶ 5 count two.) The defendant alleges that the intervening plaintiff breached this duty by failing to properly train, warn, instruct and supervise the plaintiff and therefore is liable to the defendant for indemnification. Because the defendant uses the exact language of due care that numerous courts have found particularly CT Page 2796 critical to a claim for contractual indemnification, it has alleged an independent legal relationship sufficient to overcome the exclusivity of the Workers' Compensation Act and the motion to strike count two is denied.
Moreover, "[i]n deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . In viewing the allegations in the light most favorable to the pleader . . . and being unable to look to facts outside the pleadings [the defendant's] allegation of a contract, which creates an independent legal relationship between the parties, is a fact provable, and therefore, is sufficient to maintain the counterclaim. Whether the contract creates the necessary duty to indemnify that would preclude the operation of the exclusivity provision of the Workers' Compensation Act must be decided upon evidence presented at trial [or upon a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Korch v. Brooklyn GeneralRepair, Inc., Superior Court, judicial district of Windham at Putnam, Docket No. 059896 (April 13, 2001, Foley, J.).
 CONCLUSION
Therefore, the court grants the motion to strike count one and denies the motion to strike count two.
White, J.